KIRK D. MILLER, P.S.
421 W. Riverside Avenue
Suite 660
Spokane, WA 99201
(509)413-1494 Telephone
(509)413-1724 Facsimile
kmiller@millerlawspokane.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| DANIEL FREEMAN f/k/a EMIL FREEMAN, an individual, | ) ) ) | Case No.: |
|---|---|---|
| Plaintiff, | ) ) ) | COMPLAINT |
| vs. | ) ) ) | JURY DEMANDED |
| NATIONAL CREDIT SYSTEMS, INC., a Georgia corporation, | ) ) ) ) | |
| Defendant. | ) | |

Plaintiff Daniel Freeman, by and through his attorney Kirk D. Miller of *Kirk D. Miller, P.S.*, plead the allegations and claims against Defendant National Credit Systems, Inc.:

I. JURISDICTION

1.1    Jurisdiction of this Court arises under 15 U.S.C. 1692k(d), 28 U.S.C. § 1337, and 28 U.S.C. § 1331.

1.2    Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant conducts affairs and transact business in this District, the

COMPLAINT- 1

unlawful acts giving rise to this claim occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

## II.  PARTIES

2.1   The named Plaintiff is a resident of the state of Washington.

2.2   Plaintiff resides in Spokane County, Washington, within the geographical boundaries of this Court.

2.3   Defendant National Credit Systems is a Georgia corporation engaged in the business of collecting debts in the state of Washington.

2.4   Defendant regularly solicits claims for collection.

2.5   Defendant regularly collects or attempts to collect claims owed or due or asserted to be owed or due to another person, firm, partnership, trust, joint venture, association, or corporation.

2.6   Defendant National Credit Systems is licensed by the state of Washington as a collection agency.

2.7   Defendant attempted to collect "debt[s]" from Plaintiffs, as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(5).

2.8   Defendant regularly uses the telephone in its attempts to collect debts.

2.9   Defendant uses instrumentalities of interstate commerce or the "mail" in his business.

2.10  Defendant uses the "mail" in their attempts to collect debts.

COMPLAINT- 2

2.11  Defendant is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

### III. FACTS RELATED TO EMIL FREEMAN

3.1  On May 25, 2016, Plaintiff commenced a tenancy in Portland, Oregon.

3.2  In September 2016, Plaintiff terminated the tenancy and thereafter moved to Spokane, Washington.

3.3  Plaintiff's former landlord claimed that Plaintiff owed money for various charges after moving out.

3.4  The amount of money that Plaintiff owed to his former landlord was one hundred five dollars ($105.00).

3.5  Plaintiff's former landlord referred the claim for money to Defendant National Credit Systems for collection.

3.6  On November 9, 2016, Plaintiff paid the balance in full to his former landlord.

3.7  On November 10, 2016, Plaintiff's former landlord e-mailed Plaintiff a communication stating in relevant part: "We have received your payment of $105.00 via check #1001 and consider your account paid in full."

COMPLAINT- 3

3.8  In early 2017, Defendant sent Plaintiff a dunning letter demanding payment in an amount exceeding one hundred five dollars ($105.00).

3.9  On or about February 2, 2017, Plaintiff disputed the debt by letter dated February 2, 2017.

3.10  Included with Plaintiff's February 2, 2017 dispute letter were a copy of the check used to pay the balance and an email from Plaintiff's former landlord acknowledging receipt of the check.

3.11  On or about February 15, 2017, Defendant sent another collection letter to Plaintiff.

3.12  On February 15, 2017, Plaintiff did not owe Defendant or his former landlord any money.

3.13  The February 15, 2017 collection letter from Defendant acknowledges receipt of Plaintiff's dispute, yet claimed that Plaintiff still owed one hundred five dollars ($105.00).

### IV.   FIRST CAUSE OF ACTION
Fair Debt Collection Practices Act Violation
(Unfair and Deceptive Acts)

4.1  Congress enacted the Fair Debt Collection Practices Act in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to

COMPLAINT- 4

the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1024 (9th Cir. 2012).

4.2 The FDCPA also states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

4.3 The FDCPA broadly prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt…" 15 U.S.C. §1692e(10).

4.4 15 U.S.C. § 1692f(1) prohibits a debt collector from attempting to collect any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

4.5 A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. §1692d.

4.6 On one or more occasion, Defendant falsely claimed that Plaintiff owed money arising from a debt to his former landlord, thereby violating the FDCPA, including § d, e, and f.

COMPLAINT- 5

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendant as follows:

5.1 For declaratory relief holding that Defendant violated the Fair Debt Collection Practices Act;

5.2 For statutory damages in the amount of one thousand dollars ($1,000), pursuant to 15 U.S.C. §1692 et seq.;

5.3 For costs and reasonable attorneys' fees in an amount to be proven at trial pursuant to 15 U.S.C. §1692, et seq.;

5.4 For such other relief as the Court deems just and equitable.

DATED this 22nd day of September, 2017.

*Kirk D. Miller P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

COMPLAINT- 6